UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOE W. J. LOUIS,<br>      Plaintiff,<br><br>v.<br><br>GOVERNOR STATE OF<br>MASSACHUSETTS, et al.,<br>      Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)  18-11860-IT<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**TALWANI, D.J.**

For the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. § 1915A(b).

### I. Background

Joe W. J. Louis ("Louis"), a prisoner in custody at FMC Devens also known as Joseph W. Jean-Louis,[1] filed a *pro se* Writ of Mandamus [#1] against the Governor of Massachusetts and the Mayor of Boston. The two-page, handwritten pleading alleges that the defendants "are guilty of gross negligence for not preparing for the up and coming winter . . . ." and that they must:

> put about 500 five hundred sleeping cots at Boston's air-ports along with portable toilets for when the air-ports cancel all flights due to extreme amounts of snow falling this winter coming will shut down roads and highway and air-ports and will also depending on the duration of these winter snow storms interrupt food delivery and the Mayor should get on television to advertise its citizen to have enough canned goods to feed their family's for ninety days without going to the supermarket and for its citizens to stock-pile stock-pile stockpile drinking water.

---

[1] Louis' pleading contains his prison identification number (23345-048). A search of the "Inmate Locator" of the Federal Bureau of Prisons' website indicates that Louis is incarcerated under the name Joseph W. Jean-Louis. *See* https://www.bop.gov/inmateloc (last visited Oct 26, 2018).

*Id.* at p. 2 (statement of facts). Louis did not prepay the filing fee or move to proceed *in forma pauperis*.[2]

**II.     Analysis**

Under 28 U.S.C. § 1915A(a), the court is required to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity. Any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief, shall be dismissed. *See* 28 U.S.C. §1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In conducting this review, the Court liberally construes the Louis' pleadings because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Article III of the Constitution limits the jurisdiction of federal courts to cases or controversies. U.S. Const. art. III, § 2, cl. 1. These prerequisites reflect the "common understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). "Plaintiffs may not establish their standing to bring suit merely because they disagree with a government policy or because they share the 'generalized interest of all citizens in constitutional governance.'" *Moss et al. v. Spartanburg Cnty. Sch. Dist. Seven*, 683 F.3d 599, 604–05 (4th Cir. 2012) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974)).

---

[2] Louis has asserted substantially similar claims against the Governors of Texas, New York, Georgia, Colorado, Pennsylvania, Missouri, Michigan, and California as well as the Mayors of Brownsville (Tx.), New York City, Brunswick (Ga.), Denver, Springfield (Mo.), Detroit, and Los Angeles. *See Jean-Louis v. Governor of the State of Texas, et al.*, No. B-18-3, 2018 WL 2025694, * 1, n. 1 (S.D. Tex. Mar. 23, 2018) (collecting cases). Each of those cases has been dismissed.

Here, Louis lacks standing to bring a claim against the defendants. He failed to allege any direct personal injury to himself, or how he was injured in a manner apart from other citizens. His challenge is essentially a statement of dissatisfaction with various actions, or inactions, taken by the defendants. Thus, this action will be dismissed for lacking an arguable basis in law.

### III.    Order

Based upon the foregoing, it is it is hereby ORDERED that

1. The <u>Writ of Mandamus</u> [#1] is dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. The Clerk shall enter a separate order of dismissal.

**So ordered.**

                                                          /s/ Indira Talwani  
                                                          Indira Talwani  
                                                          United States District Judge

Dated: December 3, 2018